**ALEXANDER v. HENRY.**
No. 4780.

Court of Appeal of Louisiana. Second Circuit.
Dec. 5, 1934.

Lenora Fuller, of Ruston, for appellant.
Scarborough & Barham, of Ruston, for appellee.

MILLS, Judge.

The purpose of this suit is to recover damages for the alleged breach of a crop lease. Plaintiff, on March 1, 1932, orally leased for that year, from R. L. Colvin, 20 acres of land, sufficient for a one-horse crop, out of 160 acres owned by him in Lincoln parish. The rental agreed upon was one-third of the corn and one-fourth of the cotton. Thereafter, on July 2, 1932, J. J. Henry, defendant herein, purchased the 160 acres and ratified plaintiff's lease for the year 1932. On December 31, 1932, defendant brought eviction proceedings against plaintiff in the justice court, which resulted in a judgment in his favor ordering Mrs. Alexander to vacate the premises. This order was duly executed. The case was appealed to the district court, which affirmed the judgment rendered below, but reserved to the tenant the right to sue for damages if she could prove the lease and the damage. We take this reservation to refer to the disputed lease for 1933. Certainly no damage can be recovered for a breach of the 1932 lease, as plaintiff remained on the premises throughout that year, nor for the removal, which was affected under a valid, final judgment.

The trial judge in the present case correctly overruled in limine an exception of no cause of action, but in his written opinion, after hearing the case upon the merits, he holds that it should have been sustained in that part wherein damages are claimed for breach of the alleged 1933 lease. The reason given is that these damages are not susceptible of proof. Pretermitting the question of the right of the trial judge to so change the former ruling without the granting of a new trial or a rehearing, we find that the first ruling was correct and that the exception should have been overruled, in view of section 2 of Act No. 250 of 1924, which provides that a lessor who refuses to permit a share tenant to cultivate the leased land shall be responsible for " * * * the market value of the crop that could have been grown on the land leased. * * .* "

The question, then, first to be decided is whether or not there was a lease for the 1933 season. Plaintiff and her eleven year old twin sons testify that defendant, on September 5 or 6, 1932, came to the cowshed where they were milking and specifically agreed to lease to Mrs. Alexander about 40 acres of land, referred to as a two-horse lease, plaintiff to select any particular land she chose. Henry denies this emphatically. Several witnesses testify that plaintiff told them that she had no lease for 1933, and others testify that she was seeking a location for 1933 before the eviction proceedings were begun.

Considering the fact that the land cultivated by plaintiff in 1932 was poorly farmed—perhaps because her older boys deserted, leaving only the mother and the twins to do the work—it is improbable that defendant would have entered into any lease agreement for 1933. It is more improbable, considering the limited labor she had available, that he would have consented to double the amount of land. His action in instituting the ejectment proceedings is not consistent with the existence of a lease agreement as to 1933. We therefore conclude that plaintiff has failed to prove a lease contract for 1933.

A part of plaintiff's demand is for three-fourths of 930 pounds of cotton valued at $52.31, subject to a credit of $8.97, rent due defendant on a third of a bale of cotton sold by plaintiff. The record shows that plaintiff pledged two cotton warehouse receipts, covering two bales of cotton aggregating 930 pounds in weight, to the Dubach State Bank to secure a $20 loan. Hearing of this, defendant redeemed these receipts by paying off the debt, amounting, with interest, to $20.50, and sold the cotton at the prevailing price for $51.15. Out of this he was entitled to one-fourth, or $12.79, as rent, and to be reimbursed the $20.50 he had paid the bank, leaving due plaintiff $17.86, which must be credited with the $8.97 admitted to be due defendant as a one-fourth of the third bale sole. The remaining balance is $8.89, the exact amount for which plaintiff was given judgment in the lower court.

There is some testimony in the record as to corn and cotton seed produced on the place, though no claim for same is made in the petition. The corn crop is shown to have been a failure, while the testimony does not show that defendant ever retained any of the cotton seed or received any part of the price for which any of it was sold. The testimony as to these items is so indefinite that no amount is proven to be due plaintiff.

Defendant tendered $7.50, which, being manifestly inadequate, fails to relieve him from the payment of costs.

The judgment appealed from is correct, and is accordingly affirmed.